| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**GENOVA BURNS, LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, New Jersey 07920<br>Tele: (973) 467-2700 / Fax: (973) 467-8126<br>Counsel for Donald V. Biase, Chapter 7 Trustee<br>**SCOTT S. REVER (SR 1425)** | |
| In Re:<br><br>**STEPHEN NORMAN WEISS,**<br><br>                    Debtor. | Case No.: 21-10514 SLM<br><br>Honorable Stacey L. Meisel<br><br>Chapter: 7 |
| **DONALD V. BIASE, Chapter 7 Trustee,**<br>                    Plaintiff,<br>**v.**<br><br>**ROBERTA WEISS,**<br>                    Defendant. | Adv. Pro. No.: 21- |

**VERIFIED APPLICATION IN SUPPORT OF ENTRY OF ORDER TO SHOW CAUSE**

       Donald V. Biase, the Chapter 7 Trustee ("Trustee"), by and through his counsel, Genova Burns, LLC, respectfully submits this Verified Application in support of entry of Order to Show Cause and represents to the Court as follows:

       1.     The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 22, 2021 (the "Petition Date").

       2.     As of the Petition Date, the Debtor co-owned certain residential real property with his wife, Roberta Weiss ("Defendant") located at 90 Prospect Terrace, Tenafly, New Jersey (the "Property").

       3.     The Debtor scheduled his Property as having a value of $1,130,000.00, with two mortgages totaling approximately $130,000.00. Accordingly, there appears to be approximately one million dollars of equity in the Property and the bankruptcy estate's 50% interest is worth

approximately $500,000.00. Simultaneously herewith, the Trustee filed an adversary complaint seeking authorization to sell both the bankruptcy estate's and the Defendant's interest in the property pursuant to 11 U.S.C. §363(h).

4. The Trustee respectfully requests the entry of an Order to Show Cause compelling the Defendant to show cause why the relief requested in the Verified Complaint should not be granted and setting a hearing date on the Order to Show Cause on April 13, 2021, the date of the hearing on the Trustee's objection to the Debtor's exemptions. The Trustee requests the entry of the Order to Show Cause and an expedited hearing, as the Property is owned by the Debtor and his non-debtor spouse by tenancy by the entirety and the bankruptcy estate's interest is at risk. By way of example, if the Debtor passes away, the bankruptcy estate may lose its interest in the Property to the detriment of the bankruptcy estate and its creditors. Moreover, it is unknown if the Debtor and Defendant are paying the mortgage, real estate taxes, or other carrying charges which may be eroding the bankruptcy estate's interest in the Property.

5. Moreover, it is in the best interest of creditors to expedite the hearing and it is consistent with the Trustee's fiduciary duties, to liquidate the bankruptcy estate's assets in a timely and efficient manner. The Trustee would like to list the Property for sale as soon as possible after he is authorized to sell the Property.

**Grounds Exists to Authorize the Trustee to sell the Bankruptcy Estate's and the Defendant's interest in the Property pursuant to 11 U.S.C. §363(h)**

11 U.S.C. §363(h) provides as follows:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

2

    (a) partition in kind of such property among the estate and such co-owner is impracticable;

    (b) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

    (c) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

    (d) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Section 363(h) permits the sale of the property of the bankruptcy estate, under Section 363(b), along with the interest of a co-owner of the property if at the time of the commencement of the case, the debtor held an undivided interest in the property as tenant in common, join tenant or tenant by the entirety, and if the four conditions above are met.

**(a) Partition in kind is impracticable.**

Before depriving a non-debtor co-owner of property under Section 363(h), the Court must find that the property cannot be physically or legally partitioned to permit the sale of only the Debtor's interest. In cases involving single family residences shared by the debtor and the debtor's spouse, Courts uniformly hold that there is no practicable way to partition the property. In re: Addario, 53 B.R. 335 (Bankr. D. Mass. 1985). As the Court stated: "Where property is a single family residence, there is no practicable manner to partition other than a sale and a division of the proceeds." Id. at 338. See also In re: Griffin, 123 B.R. 933, 935 (Bankr. S.D. Fla. 1991); In re: Vassilowitch, 72 B.R. 803 (Bankr. D. Mass 1987); In re: Ivy, 10 B.R. 230, 232 (Bankr. N.D. Ga. 1981).

Since the property in this case is a single family residence, it is apparent that partition of the property is impracticable.

    **(b)    The bankruptcy estate must realize more from a sale of the property than from a sale of the debtor's undivided interest.**

Section 363(h)(2) prohibits the trustee from selling the debtor's and the co-owner's interests together unless the estate will realize more from such a sale than it would from selling the debtor's interest alone. In single family residence cases, this condition is easily satisfied. Courts recognize that the co-owner's continued residence at the property will chill any interest in purchasing the debtor's interest alone. Some Courts take judicial notice that a sale of the debtor's undivided interest would generate less for the estate than a sale of the entire property. In re: Griffin, 123 B.R. 933, 935-36 (Bankr. S.D. Fla. 1991)(Taking judicial notice that property sale would realize more than the sale of the estate's interest alone; co-owner's undivided interest would chill any prospective purchaser); In re: Vassilowitch, 72 B.R. 803, 807-08 (Bankr. D.Mass. 1987); In re: Ivy, 10 B.R. 230 (Bankr. N.D. Ga. 1981).

Accordingly, since the property in this case is a single family residence, the bankruptcy estate would realize more from the sale of the whole property than from a sale of the debtor's undivided interest.

    **(c)    The property is not used for power production, transmission or distribution.**

This section was intended to protect public utilities from being deprived of a power source as a result of the bankruptcy of a co-owner.

In this case, the property is a single family residence and is not used for power production, transmission or distribution.

**(d)     The benefit to the bankruptcy estate outweighs the detriment to the co-owner.**

The burden of proof as to if the benefit to the bankruptcy estate outweighs the detriment to the co-owner is initially on the trustee. Once the trustee meets his burden of showing benefit to the estate and that the estate's share of the proceeds would exceed any liens on the debtor's interest, the burden shifts to the defendant to show that it will suffer detriment from the sale. If the debtor meets its burden, the trustee must show that the benefit to the estate exceeds the detriment. In re: Coletta Bros., 172 B.R. 159 (Bankr. D. Mass. 1994). Other courts state that once a trustee makes a *prima facie* case demonstrating that the estate would benefit from a sale, the burden shifts to the defendant to show why the sale should not be approved. In re: Grabowski, 137 B.R. 1, 3 (S.D.N.Y.).

In this case, there is significant equity in the property which will produce substantial funds for the bankruptcy estate and the defendant. As set forth in the Verified Application and Complaint, there is $1,000,000.00 of equity in the Property and the bankruptcy estate's interest has a value of approximately $500,000.00. Accordingly, the Debtor's 50% interest in the property is an asset of the bankruptcy estate that has significant value. Both the bankruptcy estate and the Defendant will receive substantial proceeds from a sale of the property.

Moreover, while a sale of the property will force the Defendant to vacate the property, the cases are clear that when the debtor's interest in the property is the only asset available to creditors and a substantial distribution could be made for creditors from liquidation of same, that the benefit to the estate outweighs the detriment to the co-owner. See In re: Vassilowitch, 72 B.R. 803, 807 (Bankr. D. Mass. 1987)(Trustee could sell co-owned property when there would be close to 100% distribution to creditors); In re: Addario, 53 B.R. 335, 338 (Bankr. D.Mass.

1985)(Benefit to the estate outweighs detriment to co-owner of displacement where bankruptcy estate would receive substantial funds and co-owner would receive substantial funds.); In re: Polliard, 152 B.R. 51, 56 (Bankr. W.D. Pa. 1993)(While displacement of co-owner was substantial hardship, co-owner would be able to find substitute housing with her share of the equity in property, and sale of asset was only way funds would be available to creditors.); In re: Harris, 155 B.R. 948, 950-51 (The fact that property was only source to pay creditors and that co-owner would receive substantial funds for substitute housing warranted sale).

Herein, the Property is the Debtor's only asset from which creditors can be paid. Moreover, the Defendant should receive a substantial sum from the sale as well. The Trustee submits that based upon the foregoing, the benefit to the bankruptcy estate and the co-owner from a sale outweigh the detriment of the co-owner.

For the foregoing reasons, the Trustee respectfully requests the entry of the Order to Show Cause with respect to the Trustee's complaint for authorization to sell the bankruptcy estate's and the co-owner's interest in the Property pursuant to 11 U.S.C. §363(h).

Respectfully submitted,

**GENOVA BURNS, LLC**

Date:  March 29, 2021

/s/     SCOTT S. REVER
        SCOTT S. REVER

## VERIFICATION

I, Donald V. Biase, hereby certify and verify under penalty of perjury that:

1. I am the Chapter 7 Trustee in the above referenced bankruptcy case.

2. I have read the factual assertions contained in the foregoing and affirm such assertions are true and accurate to the best of my knowledge, information and belief; and

3. I am aware that if any of the allegations contained in the foregoing Complaint are willfully false, I am subject to punishment.

*/S/   DONALD V. BIASE*
DONALD V. BIASE